Tukney, J.,
delivered the opinion of the court.
During the late war between the States, the military orders of either of the contending parties in occupation of the territory, issued from a constituted military authority, were of themselves protection to parties, soldiers or citizens acting in obedience to them. The power of military commanders backed by bayonets, and *635 the organization of courts martial, and the not unfre-quent punishment administered without trial or opportunity of defense, and upon the mere order of a military satrap, soon taught subordinates and citizens that resistance was futile, and a discussion of the legality or righteousness of the command empty folly. There was no going behind the order. The military was a law .unto itself. Then- if from its undeniable force or-conclusiveness or from a fear of punishment for disobedience to it — without regard to its soundness in law and right — parties to whom or for whom it was issued obeyed the order, they are protected, the responsibility resting with him from whom it emanated. To require individuals or corportions to resist or disobey a military organization supported by a government, is to-change the law and require an impossibility. The law is founded in reason, adapted to the capacity of the-citizen, and not demanding unreasonable conduct from its subjects. An order in the words:
“ Head Quarters, 1st Brig., E. Tenn.,
“Chattanooga, May 1, 1862.
“Mr. John L. M. French — Sir: The General commanding this post, directs me to say that he wishes the cotton, 186 bales, you have in store for one Mr. J. L. Hurst, and two bales for Mr. Spurlock, to be shipped to Atlanta either to-day or to-morrow. You will please inform the General when the cotton has been shipped. Very respectfully,
“ H. Goldthwaitt, A. A. G.”
is a peremptory order to French, and when presented to the W. & A. Railroad Co., with an order for trans *636 portation, amounted to a peremptory order to tbe Company, which is now the plaintiff in error.
By it, French is commanded to report to the General ■ that the shipment has been made, and in order that he may make that report, an order of transportation is given him upon the carrier. Presenting these with the cotton, French relieves himself by shifting-the responsibility to tbe carrier, and its disobedience would have subjected its employees in charge of the road to punishment.
If then, in obedience to this order,- the plaintiff in error shipped the cotton to Atlanta, though against the will of Hurst its owner, it will be protected from liability for the act of shipping.
If when the cotton reached Atlanta, the .plaintiff in error, through its agents and employees, exercised reasonable care and diligence in securing storage 'and protection for it, until such reasonable time as within which the owner might look after it, then it cannot be made responsible for its destruction.
If within a period after the arrival of tbe cotton at Atlanta, too short for the owner to have attended to it,' he having notice of its shipment under the military order, part of the cotton was burnt without the fault or negligence of the plaintiff in error, it would not be liable.
If the defendant in error was notified of the shipment to Atlanta, it was his duty to have looked after his interests himself or by an agent, without unreasonable delay; failing to do so, he would have to sustain .any loss ensuing.
*637 It is to be borne in mind, that these principles are announced with reference to a military order and action under it.
It is the duty of a court charging a jury, to confine itself to the questions of law raised by the facts of the case, and not to travel out of them and charge upon theoretical or abstract propositions not raised by the evidence. Such course is calculated to confuse and mislead the jury, and when it plainly appears as in this case, or is even doubtful that such has been the effect, it is error.
If a party is permitted to prove the political views of his adversary, over the objections of that adversary who 'also asks to have the proof withdrawn, in response to which request the court instructs the jury: “ The political relations of the parties must have nothing to do with the case, except as they may aid in a better understanding of the legitimate facts and circumstances of the case,” in a proper case for such charge, it is. the further duty of the court to explain how and in what way such proof may aid in the better understanding of the legitimate facts, etc. The valúe of facts is a question for the jury — their legitimacy one for the court. In this instance the court submits both to the jury.
The proof was illegal in this case, as furnishing no aid to the jury in arriving at truth, and is calculated to excite prejudice.
Reverse the judgment.